**MARR JONES & WANG**

A LIMITED LIABILITY LAW PARTNERSHIP

SARAH O. WANG      6649-0
SHARON A. LIM      10142-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii  96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
*swang@marrjones.com*

Attorneys for Defendant
MARRIOTT OWNERSHIP RESORTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER,<br><br>         Plaintiffs,<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100,<br><br>         Defendant. | CIVIL NO. 16-00451 LEK-RLP<br><br>MARRIOTT OWNERSHIP RESORTS, INC.'S **ANSWER TO SECOND AMENDED COMPLAINT**; CERTIFICATE OF SERVICE<br><br><br><br>Trial Date:  April 17, 2018 |

## MARRIOTT OWNERSHIP RESORTS, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant MARRIOTT OWNERSHIP RESORTS, INC.

("Defendant") hereby answers and affirmatively defends against the Second

Amended Complaint filed by Plaintiffs Andrew Grant, Sandra Denise Kelly, and

Robin Reisinger (collectively, "Plaintiffs") on August 2, 2016 (the "SAC") [Doc

1-5], as follows:

## FIRST DEFENSE

The SAC fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

1.     Defendant admits the allegations contained in paragraphs 1, 7,

17, 87, 92, 100, 129, 187, 241, 369, 375, 376, 395, 400, 410, 415, 425, 426, 429,

438, 495, 509, 562, and 563 of the SAC.

2.     Defendant avers that the allegations contained in paragraphs 2,

3, 271, and 644 of the SAC are legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations contained in

said paragraphs and leaves Plaintiffs to their proof.

3.     Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of the allegations contained in paragraphs 4,

5, 6, 10, 13, 14, 15, 16, 18, 20, 22, 23, 25, 36, 37, 39, 40, 42, 49, 50, 52, 53, 54, 57,

59, 61, 62, 63, 66, 68, 69, 70, 71, 74, 75, 76, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90,

93, 94, 97, 98, 101, 102, 105, 106, 108, 109, 110, 112, 113, 114, 115, 116, 117,

118, 119, 121, 122, 123, 124, 126, 131, 136, 139, 140, 142, 144, 145, 146, 147,

148, 149, 150, 152, 153, 154, 155, 157, 158, 159, 164, 165, 166, 167, 168, 170,

171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 184, 186, 188, 190,

191, 192, 193, 194, 195, 196, 197, 198, 202, 204, 205, 206, 207, 209, 210, 211,

214, 215, 216, 217, 218, 219, 220, 221, 223, 225, 226, 227, 228, 230, 232, 235,

238, 239, 240, 244, 246, 247, 248, 249, 250, 251, 254, 255, 256, 257, 258, 259,

260, 261, 262, 263, 265, 267, 269, 270, 274, 276, 281, 282, 285, 286, 287, 288,

289, 290, 291, 292, 299, 300, 307, 308, 311, 314, 316, 317, 325, 327, 329, 340,

345, 346, 347, 348, 365, 366, 367, 368, 370, 371, 372, 373, 374, 377, 378, 379,

380, 381, 383, 384, 386, 387, 388, 389, 390, 392, 396, 397, 399, 401, 404, 405,

406, 407, 408, 409, 411, 412, 413, 414, 416, 417, 418, 420, 423, 427, 431, 432,

433, 435, 437, 441, 443, 444, 445, 446, 451, 452, 453, 455, 456, 457, 458, 459,

460, 461, 462, 463, 465, 466, 469, 474, 476, 482, 483, 487, 488, 489, 490, 492,

493, 494, 497, 498, 499, 501, 502, 503, 504, 506, 507, 508, 511, 512, 513, 514,

515, 517, 518, 519, 520, 521, 522, 523, 525, 526, 527, 528, 529, 530, 531, 532,

533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 552,

554, 559, 560, 569, 570, 572, 573, 574, 575, 576, 580, 581, 582, 583, 584, 585,

586, 587, 588, 589, 591, 599, 601, 602, 603, 612, 613, 614, 615, 616, 617, 623,

624, 628, 629, 631, 632, 634, 635, 637, 638, 639, 640, 641, and 643 of the SAC

and, on that basis, Defendant denies the allegations contained in said paragraphs.

4.      Defendant denies the allegations contained in paragraphs 8, 11, 12, 19, 21, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 43, 44, 45, 47, 51, 55, 56, 58, 67, 72, 73, 79, 91, 99, 103, 104, 111, 120, 125, 127, 128, 137, 143, 151, 161, 169, 183, 185, 201, 203, 229, 233, 234, 242, 245, 252, 253, 264, 272, 273, 275, 283, 284, 294, 295, 296, 297, 298, 302, 304, 305, 306, 310, 313, 319, 321, 322, 323, 324, 326, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 341, 342, 343, 344, 349, 350, 351, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 385, 393, 402, 403, 428, 430, 439, 448, 449, 450, 464, 468, 470, 471, 472, 473, 479, 480, 481, 484, 485, 486, 491, 496, 548, 549, 550, 553, 556, 557, 558, 567, 571, 577, 578, 579, 592, 593, 594, 595, 596, 597, 598, 604, 608, 609, 610, 611, 618, 619, 620, 621, 622, 626, 630, 633, 642, 646, 647, 649, 650, 652, and 653 of the SAC.

5.      In answer to paragraph 9 of the SAC, upon information and belief, Defendant admits that in 2006, Plaintiff Grant was promoted to team leader by Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 and, on that basis, Defendant denies those allegations.

6.      In answer to paragraph 24 of the SAC, Defendant denies that 50% of all the sales contracts Plaintiff Grant was writing in the first couple of months after March 2009 were cancelled.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

4

allegations contained in paragraph 24 and, on that basis, Defendant denies those allegations.

7.      In answer to paragraph 38 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding what Plaintiff Grant noticed and, on that basis, Defendant denies those allegations.  Defendant denies all remaining allegations contained in paragraph 38.

8.      In answer to paragraph 41 of the SAC, Defendant admits that Xee Her often discussed a customer's profile with Sales Executives, including Plaintiff Grant, after their tours.  Defendant denies all remaining allegations contained in paragraph 41.

9.      In answer to paragraph 46 of the SAC, Defendant denies the underlying assumption that Caucasian Sales Executives are subject to cruel practices.  Defendant denies all remaining allegations contained in paragraph 46.

10.     Upon information and belief, Defendant denies the allegations contained in paragraphs 48 and 516 of the SAC.

11.     In answer to paragraph 60 of the SAC, Defendant admits that Plaintiff Grant spoke to Patricia Abad, Director of Human Resources, on January 20, 2012, regarding his concerns about how he was being treated by other associates.  Defendant denies all remaining allegations contained in paragraph 60.

12.     In answer to paragraph 64 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding how the individuals identified in paragraph 62 greeted Plaintiff Grant.  Defendant denies all remaining allegations and underlying assumptions contained in paragraph 64.

13.     In answer to paragraph 65 of the SAC, Defendant admits that Plaintiff Grant met with Ms. Abad on January 25, 2012.  Defendant denies all remaining allegations contained in paragraph 65.

14.     In answer to paragraph 77 of the SAC, Defendant admits that a customer who previously toured with Plaintiff Grant and purchased an Encore package requested not to tour with Plaintiff Grant and that Gregg Grigaitis so informed Plaintiff.  Defendant denies that this occurred on April 12, 2012. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 77 and, on that basis, Defendant denies those allegations.

15.     In answer to paragraph 78 of the SAC, Defendant denies that James Young came in on April 12, 2012.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 78 and, on that basis, Defendant denies those allegations.

16.     In answer to paragraph 95 of the SAC, Defendant admits that CMD customers would be comprised of mostly non-owners who are staying at the resort on a discounted package.  Defendant denies all remaining allegations contained in paragraph 95.

17.     In answer to paragraph 96 of the SAC, Defendant admits that package prices typically run from $399 to $699 on average for 6 days/5 nights, and for this discount CMD customers were required to attend a 90-minute sales presentation.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 96 and, on that basis, Defendant denies those allegations.

18.     In answer to paragraph 107 of the SAC, Defendant admits that the CMD tours should be assigned based on Sales Executives' position on the line. Defendant denies all remaining allegations contained in paragraph 107.

19.     In answer to paragraph 130 of the SAC, Defendant admits that if a Sales Executive does not meet minimum performance standards, then the Sales Executive is subject to discipline.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 130 and, on that basis, Defendant denies those allegations.

20.     In answer to paragraph 132 of the SAC, Defendant admits that November 28, 2013 through January 1, 2014 was called "period 13," which was

the last period of that year.  Defendant denies all remaining allegations contained in paragraph 132.

21.     In answer to paragraph 133 of the SAC, Defendant admits that Plaintiff Grant needed a sale of $13,753 in Period 13 of 2013 in order to hit annual sales volume of $1,800,000.  Defendant denies all remaining allegations contained in paragraph 133.

22.     In answer to paragraph 134 of the SAC, Defendant admits that if a Sales Executive achieved an annual sales volume of $1,800,000 in 2013, the Sales Executive would have achieved "Super Sapphire" status and received a corresponding Sapphire bonus.  Defendant denies all remaining allegations contained in paragraph 134.

23.     In answer to paragraph 135 of the SAC, Defendant admits that Period 13 of 2013 was five weeks long.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 135 and, on that basis, Defendant denies those allegations.

24.     In answer to paragraph 138 of the SAC, Defendant admits that all of Plaintiff Grant's sales in Period 13 of 2013 cancelled.  Defendant denies all remaining allegations contained in paragraph 138.

25.     In answer to paragraph 141 of the SAC, Defendant admits that Plaintiff Grant had net zero volume in Period 13 of 2013.  Defendant is without

sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 141 and, on that basis, Defendant denies those allegations.

26.     In answer to paragraph 156 of the SAC, Defendant admits that Plaintiff Grant notified Mr. Her about Plaintiff Grant's interaction with Chie Sabia. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 156 and, on that basis, Defendant denies those allegations.

27.     In answer to paragraph 160 of the SAC, Defendant admits that on January 1, 2014, Plaintiff Grant was issued a verbal warning for unprofessional conduct due to the incident on December 28, 2013, in which Plaintiff Grant was witnessed raising his voice at a fellow associate in a public space and acting in an unprofessional way.  Defendant denies all remaining allegations contained in paragraph 160.

28.     In answer to paragraph 162 of the SAC, Defendant admits that generally when an associate is issued three written warnings in a 12-month period, the associate will be terminated.  Defendant denies all remaining allegations contained in paragraph 162.

29.     Upon information and belief, Defendant admits the allegations contained in paragraph 163 of the SAC.

30.   In answer to paragraph 189 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation regarding Plaintiff Grant's experience with such transactions. Defendant denies all remaining allegations contained in paragraph 189.

31.   In answer to paragraph 199 of the SAC, Defendant admits that in 2014, if a Sales Executive generated $30,000 in direct business in a period, the oldest performance-based write-up would be deemed inactive.  Defendant denies all remaining allegations contained in paragraph 199.

32.   In answer to paragraph 200 of the SAC, Defendant admits that on January 4, 2014, Plaintiff Grant had received a verbal warning for failure to meet minimum performance standards.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 200 and, on that basis, Defendant denies those allegations.

33.   In answer to paragraph 208 of the SAC, Defendant admits that on April 14, 2014, Mr. Her issued a written warning to Plaintiff Grant.  Defendant denies all remaining allegations contained in paragraph 208.

34.   In answer to paragraph 212 of the SAC, Defendant admits that Plaintiff Grant was issued a written warning on April 14, 2014.  Defendant denies all remaining allegations contained in paragraph 212.

35.    In answer to paragraph 213 of the SAC, Defendant admits that on April 7, 2014, Plaintiff Grant had a heated word exchange with Phil Kozma, Quality Assurance Representative.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 213 and, on that basis, Defendant denies those allegations.

36.    In answer to paragraph 222 of the SAC, Defendant admits that when New Owner Administration defaults a Sales Executive's customer's contract for not paying the remaining balance, the sales volume is reversed out of the Sales Executive's current numbers, which adversely affects the Sales Executive's VPG. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 222 and, on that basis, Defendant denies those allegations.

37.    In answer to paragraph 224 of the SAC, Defendant admits that Robert Villwock signed a purchase contract on January 7, 2014.  Defendant denies all remaining allegations contained in paragraph 224.

38.    In answer to paragraph 231 of the SAC, Defendant admits that Sales Executives lose commissions for any sale that cancels and that a cancelled sale will negatively impact the Sales Executive's VPG.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations contained in paragraph 231 and, on that basis, Defendant denies those allegations.

39.    In answer to paragraph 236 of the SAC, Defendant admits that on April 19, 2014, Plaintiff attended a meeting with Mr. Her and Don Ardissone. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 236 and, on that basis, Defendant denies those allegations.

40.    In answer to paragraph 237 of the SAC, Defendant admits that on April 19, 2014, Mr. Her presented Plaintiff Grant with a written warning based on Plaintiff Grant's verbal threats to Mr. Kozma on April 7, 2014.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 237 and, on that basis, Defendant denies those allegations.

41.    In answer to paragraph 243 of the SAC, Defendant admits that Human Resources did not contact Plaintiff Grant between April 7, 2014 and April 19, 2014, regarding the incident between Plaintiff Grant and Mr. Kozma. Defendant denies all remaining allegations contained in paragraph 243.

42.    In answer to paragraph 266 of the SAC, Defendant admits that on April 21 or 22, 2014, Plaintiff Grant told Mr. Grigaitis that he had recorded Mr. Kozma threatening Plaintiff Grant, but Plaintiff Grant refused to play the recording

as part of Defendant's investigation.  Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations

contained in paragraph 266 and, on that basis, Defendant denies those allegations.

43.     In answer to paragraph 268 of the SAC, Defendant admits that

on April 23, 2014, Mr. Grigaitis told Plaintiff Grant that the write-up regarding Mr.

Kozma was upheld and gave Plaintiff Grant a toll-free number if he wanted to

appeal.  Defendant denies all remaining allegations contained in paragraph 268.

44.     In answer to paragraph 277 of the SAC, Defendant admits that

Plaintiff Grant sent an e-mail to Lesley Matsuwaki on April 27, 2014.  Defendant

denies all remaining allegations contained in paragraph 277.

45.     In answer to paragraphs 278, 279, and 280 of the SAC,

Defendant avers that Plaintiff Grant's April 27, 2014, e-mail speaks for itself.

Defendant denies all remaining allegations contained in said paragraphs.

46.     In answer to paragraph 293 of the SAC, Defendant admits that

Plaintiff Grant pulled open the door to Ms. Matsuwaki's office just as Mr. Grigaitis

got to the door.  Defendant denies all remaining allegations contained in paragraph

293.

47.     In answer to paragraph 301 of the SAC, Defendant admits that

on May 2, 2014, Plaintiff Grant's employment with Defendant was terminated due

to receiving three written warnings within a 12-month period, in accordance with

Defendant's progressive discipline policy.  Defendant denies all remaining allegations contained in paragraph 301.

48.    In answer to paragraph 303 of the SAC, Defendant admits that Plaintiff Grant's employment with Defendant was terminated due to receiving three written warnings within a 12-month period, in accordance with Defendant's progressive discipline policy.  Defendant denies all remaining allegations contained in paragraph 303.

49.    In answer to paragraph 309 of the SAC, Defendant admits that in June 2010, Plaintiff Kelly was hired by Defendant as a Sales Executive at Ko`Olina Beach Club.  Defendant denies all remaining allegations contained in paragraph 309.

50.    In answer to paragraph 312 of the SAC, Defendant denies the alleged manipulation of tour assignments.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 312 and, on that basis, Defendant denies those allegations.

51.    In answer to paragraph 315 of the SAC, Defendant denies the alleged manipulation of tour assignments.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 315 and, on that basis, Defendant denies those allegations.

52.     In answer to paragraph 318 of the SAC, Defendant denies the alleged fraudulent and discriminatory activities.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 318 and, on that basis, Defendant denies those allegations.

53.     In answer to paragraph 320 of the SAC, Defendant denies the alleged racist behavior.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 320 and, on that basis, Defendant denies those allegations.

54.     In answer to paragraph 328 of the SAC, Defendant admits that in March 2012, Plaintiff Kelly was hired by Defendant as a Sales Executive at Ko`Olina Beach Club.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 328 and, on that basis, Defendant denies those allegations.

55.     In answer to paragraph 352 of the SAC, Defendant admits that Sales Executives with high production had access to certain data that Sales Executives with low production did not.  Defendant denies all remaining allegations contained in paragraph 352.

56.     In answer to paragraph 382 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding the difficulty of being on crutches for six weeks and, on that basis, Defendant denies those allegations.  Defendant denies all remaining allegations contained in paragraph 382.

57.     In answer to paragraph 391 of the SAC, Defendant denies that Mr. Her spoke negatively about Plaintiff Kelly as alleged.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 391 and, on that basis, Defendant denies those allegations.

58.     In answer to paragraph 394 of the SAC, Defendant denies that the first three months of the year is a "slow period," as alleged.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 394 and, on that basis, Defendant denies those allegations.

59.     In answer to paragraph 398 of the SAC, Defendant admits that Plaintiff Kelly returned to work by the first week of December 2013.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 398 and, on that basis, Defendant denies those allegations.

60.     In answer to paragraph 419 of the SAC, Defendant admits that Plaintiff Kelly went into the office on Thursday, May 1, 2014.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 419 and, on that basis, Defendant denies those allegations.

61.     In answer to paragraph 424 of the SAC, Defendant admits that Mr. Grigaitis said he would review the information.  Defendant denies all remaining allegations contained in paragraph 424.

62.     In answer to paragraph 434 of the SAC, Defendant admits that Plaintiff Kelly went into the office on Saturday, May 3, 2014.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 434 and, on that basis, Defendant denies those allegations.

63.     In answer to paragraph 436 of the SAC, Defendant admits that Mr. Her told Plaintiff Kelly that she was not supposed to be in the building or at work.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 436 and, on that basis, Defendant denies those allegations.

64.     In answer to paragraph 440 of the SAC, Defendant admits that Mr. Her informed Plaintiff Kelly of Defendant's decision to terminate her

employment.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 440 and, on that basis, Defendant denies those allegations.

65.     In answer to paragraph 442 of the SAC, Defendant admits that associates are given one "surf chip" per quarter to use when the associate is running late to work for any reason.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 442 and, on that basis, Defendant denies those allegations.

66.     In answer to paragraph 447 of the SAC, Defendant denies that Sales Executives were not allowed behind the front desk.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 447 and, on that basis, Defendant denies those allegations.

67.     In answer to paragraph 454 of the SAC, Defendant denies the alleged tour manipulation/racism.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 454 and, on that basis, Defendant denies those allegations.

68.     In answer to paragraph 467 of the SAC, Defendant denies the alleged instances of racism and/or discrimination.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 467 and, on that basis, Defendant denies those allegations.

69.     In answer to paragraph 475 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding photos in Plaintiff Kelly's office and, on that basis, Defendant denies those allegations.  Defendant denies all remaining allegations contained in paragraph 475.

70.     In answer to paragraph 477 of the SAC, Defendant admits that Mr. Her quoted from the movie "The Help" once in a meeting.  Defendant denies all remaining allegations contained in paragraph 477.

71.     In answer to paragraph 478 of the SAC, Defendant admits that Mr. Her quoted the line, "You is kind.  You is smart.  You is important." from the movie "The Help" once in a meeting.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 478 and, on that basis, Defendant denies those allegations.

72.     In answer to paragraph 500 of the SAC, Defendant admits that in October 2004, Plaintiff Reisinger began working for Defendant as a Sales Executive on Kauai.  Defendant denies all remaining allegations contained in paragraph 500.

73.     In answer to paragraph 505 of the SAC, Defendant admits that Plaintiff Reisinger worked at Waiohai Beach Club during the time she was employed by Defendant on Kauai.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 505 and, on that basis, Defendant denies those allegations.

74.     In answer to paragraph 510 of the SAC, Defendant admits that on June 20, 2010, Plaintiff Reisinger wrote the first points deal on Kauai for Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 510 and, on that basis, Defendant denies those allegations.

75.     In answer to paragraph 524 of the SAC. Defendant admits that in June 2013, Plaintiff Reisinger transferred to Ko`Olina Beach Club.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 524 and, on that basis, Defendant denies those allegations.

76.     In answer to paragraph 551 of the SAC, Defendant denies that Plaintiff Reisinger was ordered to lie.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 551 and, on that basis, Defendant denies those allegations.

77.     In answer to paragraph 555 of the SAC, Defendant admits that

Mr. Her sometimes read positive guest comments about Sales Executives in the

morning sales meetings.  Defendant denies all remaining allegations contained in

paragraph 555.

78.     In answer to paragraph 561 of the SAC, Defendant admits that

Ryan Grannis was terminated during his probationary period for absenteeism.

Defendant denies all remaining allegations contained in paragraph 561.

79.     In answer to paragraph 564 of the SAC, Defendant admits that

Plaintiff Reisinger agreed to mentor a new hire named Ryan at Mr. Her's request.

Defendant is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations contained in paragraph 564 and, on that

basis, Defendant denies those allegations.

80.     In answer to paragraph 565 of the SAC, Defendant denies that

Mr. Her's reaction and belief were as alleged in that paragraph.  Defendant is

without sufficient knowledge or information to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 565 and, on that basis,

Defendant denies those allegations.

81.     In answer to paragraph 566 of the SAC, Defendant denies that

the second Ryan asked Mr. Her why the first Ryan was fired.  Defendant is without

sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations contained in paragraph 566 and, on that basis, Defendant

denies those allegations.

82.     In answer to paragraph 568 of the SAC, Defendant denies that

Mr. Her engaged in the conduct or made the statement alleged in that paragraph.

Defendant is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations contained in paragraph 568 and, on that

basis, Defendant denies those allegations.

83.     In answer to paragraph 590 of the SAC, Defendant denies the

alleged racism at Ko`Olina Beach Club.  Defendant is without sufficient

knowledge or information to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 590 and, on that basis, Defendant denies those

allegations.

84.     In answer to paragraph 600 of the SAC, Defendant denies that

Bob Davis resigned within four months of returning to Ko`Olina Beach Club.

Defendant is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations contained in paragraph 600 and, on that

basis, Defendant denies those allegations.

85.     In answer to paragraph 605 of the SAC, Defendant admits that

for a period of time, Rayn Chamizo was responsible for assigning Encore tours to

Sales Executives.  Defendant denies all remaining allegations contained in paragraph 605.

86.    In answer to paragraph 606 of the SAC, Defendant admits that Encore tours have a higher conversion rate (selling rate) than other tours. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 606 and, on that basis, Defendant denies those allegations.

87.    In answer to paragraph 607 of the SAC, Defendant admits that for a period of time, Ms. Chamizo was responsible for hiring front desk staff, who distribute tours to Sales Executives in accordance with company policy. Defendant denies all remaining allegations contained in paragraph 607.

88.    In answer to paragraph 625 of the SAC, Defendant admits that Andrea Dunn raised a concern about Be Vuong to Human Resources, but Defendant denies that Ms. Dunn's concern was as described in paragraph 624. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 625 and, on that basis, Defendant denies those allegations.

89.    In answer to paragraph 627 of the SAC, Defendant admits that Ms. Dunn resigned from employment with Defendant.  Defendant denies that the incident described in paragraph 624 occurred as alleged.  Defendant is without

sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations contained in paragraph 627 and, on that basis, Defendant

denies those allegations.

90.     In answer to paragraph 636 of the SAC, Defendant denies that

the conversation with Ms. Chamizo occurred as alleged in that paragraph.

Defendant is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations contained in paragraph 636 and, on that

basis, Defendant denies those allegations.

91.     In answer to paragraphs 645, 648, and 651 of the SAC,

Defendant realleges and hereby incorporates its answers as set forth above.

92.     Defendant denies that Plaintiffs are entitled to the relief

requested in the "WHEREFORE" paragraph, and denies all allegations in the SAC

not otherwise expressly and unequivocally admitted elsewhere in this Answer.

### THIRD DEFENSE

Plaintiffs are barred from maintaining this action by the defenses of

waiver, estoppel, laches and/or unclean hands.

### FOURTH DEFENSE

All claims seeking damages for alleged emotional and/or physical

injury are barred by the workers' compensation exclusivity provisions of Hawaii

Revised Statutes ch. 386.

## FIFTH DEFENSE

Any actions taken with respect to Plaintiffs were reasonable, justified, privileged, in good faith, for legitimate, substantial, and non-retaliatory business reasons, and pursuant to applicable rules, regulations and practices, and believed by Defendant to be in accordance with the laws of the United States and the State of Hawaii.

## SIXTH DEFENSE

Plaintiffs' prayer for punitive damages is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the United States Constitution and/or of Article I, Section 5 of the Constitution of the State of Hawaii.

## SEVENTH DEFENSE

Without admitting liability or damages, any recovery to which Plaintiffs might otherwise be entitled must be reduced by reason of Plaintiffs' failure to exercise reasonable diligence to mitigate their damages, if any damages were in fact suffered.

## EIGHTH DEFENSE

Plaintiffs' injuries and/or emotional distress, if any, and if legally attributable to any act or omission of Defendant, are apportionable against pre-

existing illness or injury, including but not limited to Plaintiff's pre-existing mental

and emotional problems, defects, deficits, injuries or damages.

## NINTH DEFENSE

Plaintiffs should be limited in the amount of damages they may

recover on their claims, assuming they are able to establish Defendant's liability,

due to after-acquired evidence of their misconduct.

## TENTH DEFENSE

Plaintiffs' damages, if any, are wholly or primarily the result of their

own negligence and/or misconduct, or that of Plaintiffs' agents and/or third-parties,

and not the result of any act or omission by Defendant.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by their failure to exhaust their

administrative and/or internal and/or contractual remedies, a condition precedent to

the maintenance of this action.

## TWELFTH DEFENSE

Plaintiffs are barred from maintaining this action by the applicable

statutes of limitations.

## THIRTEENTH DEFENSE

To the extent that they apply and exist, Defendant intends to rely upon any and all statutory, regulatory, and/or common law privileges and immunities available to it as defenses against Plaintiffs' claims.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they may become apparent as the result of discovery.

WHEREFORE, Defendant prays that (1) the SAC be dismissed with prejudice; (2) Plaintiffs take nothing; (3) Defendant receives an award of its reasonable attorneys' fees and costs; and (4) Defendant receives such other and further relief as the Court deems just and equitable.

DATED:    Honolulu, Hawaii, November 11, 2016.


/s/ *Sarah O. Wang*
SARAH O. WANG
SHARON A. LIM

Attorneys for Defendant
MARRIOTT OWNERSHIP
RESORTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER, | CIVIL NO. 16-00451 LEK-RLP |
| | CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| vs. | |
| MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100, | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was duly served on the following at their last known addresses:

*Served electronically through CM/ECF on November 11, 2016:*

MICHAEL JAY GREEN, ESQ.      *michaeljgreen@hawaii.rr.com*
GLENN H. UESUGI, ESQ.         *glenn.uesugi@gmail.com*

Attorneys for Plaintiffs
ANDREW GRANT,
SANDRA DENISE KELLY, and
ROBIN REISINGER

DATED:      Honolulu, Hawaii, November 11, 2016.

/s/ *Sarah O. Wang*
SARAH O. WANG
SHARON A. LIM

Attorneys for Defendant
MARRIOTT OWNERSHIP
RESORTS, INC.