**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

RICHARD M. RAND          2773-0
SARAH O. WANG            6649-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
rrand@marrjones.com

Attorneys for Defendant
MARRIOTT OWNERSHIP RESORTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100,<br><br>Defendant. | CIVIL NO. 16-00451 LEK-RLP<br><br>DEFENDANT MARRIOTT OWNERSHIP RESORTS, INC.'S **TRIAL BRIEF**; CERTIFICATE OF SERVICE<br><br><br><br>Trial:  December 4, 2018<br>Judge:  The Hon. Leslie E. Kobayashi |

1119936

## DEFENDANT MARRIOTT OWNERSHIP RESORTS, INC.'S TRIAL BRIEF

Defendant MARRIOTT OWNERSHIP RESORTS, INC. ("Defendant" or "MORI"), by and through its attorneys, respectfully submits its brief to assist the Court as to the law, and other issues that may arise during the trial of this matter.

### I.   ANTICIPATED SIGNIFICANT DISPUTED ISSUES OF LAW

**A.   Plaintiffs' Theory of the Discrimination**

Plaintiffs have consistently asserted that "more favorable" (*i.e.,* more likely to purchase) tours were assigned to non-Caucasian sales executives rather than to Caucasian sales executives such as Plaintiffs. As a result of the allegedly discriminatorily assigned tours, Caucasian sales executives such as Plaintiffs did not meet their sales performance requirements and were subjected to discipline and, ultimately, termination from employment. *See, e.g.,* 2nd Am. Compl. ¶¶ 25-30, 36-55, 73-83, 87-131, 136-47, 310-15, 334-36, 340, 361, 453-63, 580-89, 597, 609-11 [Doc 1-5]; Pl. Kelly Dep. Tr. at 18-19, 66-68, 72-73, 164-65, 185-87, 200-02 [Doc 78-2]; Pl. Reisinger Dep. Tr. at 246-47, 252-57, 298-99 [Doc 80-2]; Pl. Grant Dep. Tr. at 60-61 [Doc 83-2]; Pl. Kelly's Concise Statement of Facts at ¶ 42 [Doc 97].

Apart from the allegedly racially discriminatory tour assignments, Plaintiffs have not alleged that other policies or practices by MORI were racially

discriminatory. To be sure, Plaintiffs have disputed whether other policies or practices applied to them under certain factual circumstances; for example, Plaintiff Reisinger has claimed that she had a doctor's note for one of her absences that resulted in discipline under MORI's attendance policy, *see* Pl. Robin Reisinger's Mem. of Opp'n to Def. [MORI's] Mot. for Sum. J. at 11 [Doc 98], and Plaintiff Grant has argued that he had authorization for one of the absences that resulted in one written warning and that he did not really "threaten" another employee so as to warrant a second written warning, *see* Pl. Andrew Grant's Mem. in Opp'n to [MORI's] Mot. for Sum. J. at 6-7 [Doc 111], but Plaintiffs have not argued that they, as Caucasians, were disciplined for violating the attendance or other policies while non-Caucasians were not disciplined for the same conduct.

   Plaintiffs cannot now, on the eve of trial, change their theory of case to assert that other policies or practices by MORI were racially discriminatory. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (holding plaintiff could not proceed on theories of liability not raised in the complaint); *Scantlin v. GE*, Civ. No. EDCV 10-00333 VAP(OPx), 2014 U.S. Dist. LEXIS 177378, at *21-*23 (C.D. Cal. Dec. 22, 2014) (denying motion to modify the Court's pretrial conference order to allow plaintiffs to change their theory of the case); *Chisholm v. Mem'l Sloan-Kettering*, Civ. No. 09-8211, 2011 U.S. Dist.

LEXIS 53243, at *12 (S.D.N.Y. May 13, 2011) (holding that plaintiff "may not assert a new theory of recovery for the first time on the eve of trial").

### B. Good Faith Belief

The relevant inquiry is not whether the employer's termination decision was objectively correct. Rather, the employer need only establish that it had an honest belief in the reasons for its actions. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("In judging whether [the employer's] proffered justifications were 'false,' it is not important whether they were *objectively* false....Rather, courts "only require that an employer honestly believe its reason for its actions, even if its reason is 'foolish or trivial or even baseless.'") (emphasis in original); *Marugame v. Napolitano*, Civ. No. 11-00710 LEK-BMK, 2013 U.S. Dist. LEXIS 122831, at *63-*64 (D. Haw. Aug. 28, 2013) ("when the court examines the employer's proffered reasons for the adverse employment action, it is not important whether they were objectively false; courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless"); *Medina v. FCH Enters.*, Civ. No. 12-00364 JMS-KSC, 2013 U.S. Dist. LEXIS 87629, at *27-*28 (D. Haw. June 19, 2013) ("Perhaps it was not necessary [for Zippy's] to terminate [plaintiff] for the October 21, 2010 incident....But the question before the court is not whether Zippy's *should* have discharged [the plaintiff]." Instead, "the question is whether Zippy's

improperly discharged her because of her gender, in violation of federal law.") (emphasis in original).

The honest belief standard embodies the principle that courts do not act as a super personnel department that second guesses employers' business decisions, even when such decisions may be incorrect. *Medina*, 2013 U.S. Dist. LEXIS 87629 at *28 (noting that "it is not the role of the federal courts to 'act as a super personnel department that second guesses the employer's business judgments'") (quotations omitted); *see also Riggs v. Airtran Airways, Inc.*, 497 F.3d 1108, 1119 (10th Cir. 2007) ("Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision. Thus, we consider the facts as they appeared to the person making the decision, and we do not second-guess the employer's decision" because the court's "role is to prevent intentional discriminatory hiring practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments.").

      C.    **Admissibility of Hearsay Statements of Non-Supervisory Employees**

Based on Plaintiffs' pleadings, motions and Declarations submitted in this case, MORI anticipates that Plaintiffs will seek to refer to and/or rely upon hearsay statements allegedly made by current or former non-supervisory employees of MORI. Such statements are hearsay under Fed. R. Evid. 802 and,

therefore, are inadmissible unless Plaintiffs establish that a hearsay exception applies. *See, e.g. Coyaso v. Bradley Pac. Aviation, Inc.*, Civ. No. 11-00267 JMS/RLP, 2012 U.S. Dist. LEXIS 62144, at \*37-\*38 (D. Haw. May 3, 2012) (proponent of hearsay must prove an exception or exemption by a preponderance of the evidence).

To the extent that Plaintiffs attempt to rely on an "unavailable witness" exception as set forth in Fed. R. Evid. 804(a)(5), they must provide, by a preponderance of the evidence, that the declarant "is absent from the trial … and [Plaintiffs have] not been able, by process or other reasonable means, to procure … the declarant's attendance or testimony." Fed. R. Evid. 804(a)(5). The Plaintiffs "must prove that he or she made a good faith, reasonable attempt to secure the witness' attendance at trial." *Banks v. Prudential Cal. Realty*, No. 92-55750, No. 92-56037, 1994 U.S. App. LEXIS 791, at \*8-\*9 (9th Cir. Jan. 10, 1994). Where no attempt has been made to depose a witness, that witness cannot be said to be unavailable. *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, Nos. 95-16339, 95-16340, 1997 U.S. App. LEXIS 19952, at \*19 (9th Cir. July 31, 1997) (citing *United States v. Gabriel*, 715 F.2d 1447, 1451 (10th Cir. 1983) (under Rule 804(a)(5) "an attempt [must] be made to depose a witness (as well as to seek his attendance) as a precondition to the witness being deemed unavailable")). Here,

where only one Plaintiff sought to take any depositions (which were successfully taken), Plaintiffs cannot show unavailability of any out-of-court declarants.

### D. Admissibility of Alleged Statements by Long-Former Employees

Plaintiff Grant, in particular, has alleged that a discriminatory comment was made by a former Director of Sales, Peter Park, in 2006. *See* 2nd Am. Comp. ¶¶ 12-15; Pl. Grant Dep. Tr. at 36 [Doc 83-2]. To the extent any of the Plaintiffs attempt to refer to or rely on such comments by non-decision makers, the comments should be deemed inadmissible on the ground that they are irrelevant under Fed. R. Evid. 401 and 402, or, even if they are remotely relevant, on the ground that they are more prejudicial than probative pursuant to Fed. R. Evid. 403. *See, e.g.*, *Hanley v. Siemens Med. Sols. Health Servs. Corp.*, Civ. No. 01-71826-DT, 2003 U.S. Dist. LEXIS 3506, at *8-*9 (E.D. Mich. Feb. 6, 2003) (excluding as irrelevant allegedly discriminatory remarks by a supervisor who left employment six months before another supervisor made the decision to lay off the plaintiff and who was not shown to "play[] any part in the decision to select Plaintiff for lay off"); *Roberts v. Wal-Mart Stores*, Civ. No. 95-0059-H, 1997 U.S. Dist. LEXIS 924, at *8 (W.D. Va. Jan. 28, 1997) ("'Stray remarks by persons not involved in the employment decision-making process are not material to a finding of discrimination unless those remarks are made to the decision-makers and have some impact on the … process.'") (quoting *Garrett v. Lujan*, 799 F. Supp. 198,

200 (D.D.C. 1992) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 104 L. Ed. 2d 268, 109 S. Ct. 1775 (1989) (O'Connor, J., concurring in judgment))).

    E.    **Damages**

        1.    **Back Pay and Front Pay are Equitable Remedies that Must be Decided by the Court, Not a Jury**

Federal law is clear that back pay and front pay (including employment benefits) are *equitable*, and not *legal*, remedies in the context of employment law; reinstatement and back pay are specifically referenced as equitable remedies in Title VII, 42 U.S.C. § 2000e-5(b), and front pay, which is an alternative to the equitable remedy of reinstatement, is also undisputedly equitable in nature. *See, e.g.*, *Caudle v. Bristow*, 224 F.3d 1014, 1020 (9th Cir. 2000) ("Title VII of the Civil Rights Act of 1964 permits courts to grant equitable remedies to employees…. The relevant remedies include reinstatement and awards of back pay and front pay.").

Likewise under Hawaii law, back pay and front pay are equitable, and not legal, remedies in the context of employment law. As under Title VII, back pay is specifically referenced as an equitable remedy in Haw. Rev. Stat. § 378-5, and front pay, which is an alternative to the equitable remedy of reinstatement, is also indisputably equitable in nature. *See, e.g.*, *SCI Mgmt. Corp. v. Sims*, 71 P.3d 389, 403 (Haw. 2003); *Ross v. Stouffer Hotel Co. (Haw.) Ltd.*, 879 P.2d 1037, 1047 (Haw. 1994) *accord Macglashan v. ABS LINCS KY, Inc.*, 448 S.W.3d 792, 795

(Ky. 2014) (in a case under Kentucky's whistleblower protection statute, concluding that front pay was recoverable as "actual damages" under the statute in lieu of the equitable remedy of reinstatement).

The distinction between legal and equitable remedies is significant because while legal remedies may, where appropriate, be decided by a jury, equitable remedies are to be determined and awarded solely by the courts. *See, e.g.*, *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) ("there is no right to have a jury determine the appropriate amount of back pay," as "back pay remains an equitable remedy to be awarded by the district court in its discretion."); *Pollard v. E.I. DuPont de Nemours & Co.,* 532 U.S. 843, 852 (2001) (front pay is not part of the "compensatory damages" that may be determined by the jury pursuant to the Civil Rights Act of 1991); *see also McCue v. Kan. Dep't of Human Res.*, 165 F.3d 784, 792 (10th Cir. 1999) (as "front pay is a form of equitable relief … to be awarded by the judge, not the jury," the district court "erred in submitting the issue of front pay to the jury"). Where, as in the instant case, there is to be a jury trial of an action in which both legal and equitable remedies are sought, "it is well-established that … the jury decides legal questions and awards legal damages and the court decides equitable questions and awards equitable relief." *Mathewson v. Aloha Airlines, Inc.*, 919 P.2d 969, 991 n.22 (Haw. 1995).

## 2. Once the Plaintiff Finds Comparable Employment, No Back Pay or Front Pay May be Awarded

Back pay must be reduced by any amounts a plaintiff earned from employment during the back pay period. *See*, *e.g.*, *Bichindaritz v. Univ. of Wash.*, No. C10-1371RSL, 2012 U.S. Dist. LEXIS 21451, at *7 (W.D. Wa. Feb. 21, 2012) ("Amounts earned following the adverse employment action operate to reduce a back pay award…."). Similarly, front pay awards "must be reduced by the amount plaintiff could earn using reasonable mitigation efforts." *Gotthardt v. AMTRAK*, 191 F.3d 1148, 1157 (9th Cir. 1999) (citations omitted). Therefore, once a plaintiff finds comparable employment with a commensurate salary, any award of back pay or front pay must be discontinued. *See, e.g., Hardenbrook v. UPS*, 490 Fed. App'x 45, 46, 2012 U.S. App. LEXIS 15258, at *3 (9th Cir. July 24, 2012) (recognizing that once the plaintiff finds comparable employment with a commensurate salary, front pay should be discontinued); *Ram Nehara v. Cal.*, Civ. No. 1:10-cv-00491 JLT, 2013 U.S. Dist. LEXIS 63994, at *10 (E.D. Cal. May 3, 2013) ("Front pay should extend only for a reasonable period for the victim to secure comparable employment."); *Merrell v. Chartiers Valley Sch. Dist.*, 51 A.3d 286, 297 (Pa. Commw. Ct. 2012) (back pay amount eliminated in years where the plaintiff earned more than he would have in his prior employment).

A plaintiff who voluntarily quits comparable, interim employment fails to exercise reasonable diligence in the mitigation of damages. *See, e.g.*,

*DiSalvo v. Chamber of Commerce*, 568 F.2d 593, 597-98 (8th Cir. 1978); *Stone v. D.A.& S. Oil Well Servicing Inc.*, 624 F.2d 142, 144 (10th Cir. 1980); *Muller v. U.S. Steel Corp.*, 509 F.2d 923, 930 (10th Cir. 1975); *see generally Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1277-78 (4th Cir. 1985).

### 3. "Actual Damages" Under the HWPA

"Actual damages" under the HWPA do not include emotional distress damages. *See*, *e.g.*, *Kuhnert v. Allison*, 76 Haw. 39, 45, 868 P.2d 457, 463 (Haw. 1994) (distinguishing actual damages from punitive damages); *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284 (2012) (finding that emotional distress damages are not "actual damages" in the context of the Privacy Act).

### II. CONCLUSION

Defendant respectfully requests that the Court consider this brief with respect to any issues addressed herein that may arise during the trial of this matter.

DATED: Honolulu, Hawaii, November 20, 2018.

      /s/ Richard M. Rand
RICHARD M. RAND
SARAH O. WANG

Attorneys for Defendant
MARRIOTT OWNERSHIP
RESORTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100,<br><br>          Defendant. | CIVIL NO. 16-00451 LEK-RLP<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

***Served electronically through CM/ECF:***

CHARLES H. BROWER, ESQ.     honlaw@lava.net

Attorney for Plaintiff
ANDREW GRANT

1119936

2

ELIZABETH JUBIN FUJIWARA, ESQ. ejfujiwara.law1@gmail.com
JOSEPH T. ROSENBAUM, ESQ.           jtr@frlawhi.com

Attorneys for Plaintiffs
SANDRA DENISE KELLY


MICHAEL P. HEALY, ESQ.        honolululawyer@outlook.com

Attorney for Plaintiff
ROBIN REISINGER

DATED:   Honolulu, Hawaii, November 20, 2018.


                                      */s/ Richard M. Rand*
                                      RICHARD M. RAND
                                      SARAH O. WANG

                                      Attorneys for Defendant
                                      MARRIOTT OWNERSHIP
                                      RESORTS, INC.