# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 16-00451LEK-RLP |
| CASE NAME: | Andrew Grant, et al. Vs. Marriott Ownership Resorts Inc., et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 11/29/2018 | TIME: | |

COURT ACTION:   EO:  COURT'S RULING REGARDING THE PARTIES' PEREMPTORY CHALLENGES

28 U.S.C. § 1870 states, in pertinent part: "In civil cases, each party shall be entitled to three peremptory challenges.  Several defendants or several plaintiffs **may** be considered as a single party for the purposes of making challenges, or the court **may** allow additional peremptory challenges and permit them to be exercised separately or jointly." (Emphases added.)  This Court, in the exercise of its discretion, rules as follows:

1) Plaintiffs Andrew Grant, Sandra Denise Kelly, and Robin Reisinger ("Plaintiffs") will be considered as a single party for purposes of their peremptory challenges;

2) Plaintiffs will be allowed a total of six peremptory challenges, which they may exercise separately or jointly; and

3) Defendant Marriott Ownership Resorts, Inc. ("MORI") will be allowed six peremptory challenges.

Plaintiffs may exercise their peremptory challenges jointly if all Plaintiffs agree to do so. If Plaintiffs do not reach an agreement to exercise their peremptory challenges jointly, each Plaintiff will have two peremptory challenges to exercise separately.

If Plaintiffs agree to exercise their peremptory challenges jointly, Plaintiffs will exercise one peremptory challenge, then MORI will exercise one peremptory challenge. This order will be repeated until all peremptory challenges have been exhausted.

If Plaintiffs do not reach an agreement, and they exercise their peremptory challenges separately, the order will be as follows:

1) Grant's peremptory challenge 1
2) MORI's peremptory challenge 1
3) Kelly's peremptory challenge 1
4) MORI's peremptory challenge 2
5) Reisinger's peremptory challenge 1
6) MORI's peremptory challenge 3
7) Grant's peremptory challenge 2
8) MORI's peremptory challenge 4
9) Kelly's peremptory challenge 2
10) MORI's peremptory challenge 5
11) Reisinger's peremptory challenge 2
12) MORI's peremptory challenge 6.

In either instance, a party may pass at any time, instead of exercising that peremptory challenge. A pass does not affect the subsequent peremptory challenges, if any, that the passing party has.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager