# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 16-00451LEK-RLP |
| CASE NAME: | Andrew Grant, et al. Vs. Marriott Ownership Resorts Inc., et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 12/12/2018 | TIME: | |

COURT ACTION:  EO: COURT ORDER DENYING REQUEST IN PLAINTIFF SANDRA DENISE KELLY'S TRIAL BRIEF RE: TESTIMONY OF *OTHER* DISCRIMINATORY ACTS TOWARDS PLAINTIFF, OTHER PARTIES AND/OR NON-PARTY WITNESSES BY DEFENDANT

    On December 7, 2018, Plaintiff Sandra Denise Kelly ("Kelly") filed her Trial Brief Re: Testimony of *Other* Discriminatory Acts Toward Plaintiff, Other Parties and/or Non-Party Witnesses by Defendant ("12/7/18 Trial Brief").  [Dkt. no. 206.]  Although she does not identify the specific evidence that she proposes to present, Kelly seeks a ruling that she may present "evidence of a work culture of condoned discrimination" and "the tolerated and unabated atmosphere of open discrimination against many protected classifications including, but not limited to race."  [12/7/18 Trial Brief at 4-5.]  Kelly contends such evidence is relevant to her prima facie case and to the issue of whether Defendant Marriott Ownership Resorts, Inc.'s ("MORI") stated reason for her termination is pretextual.

    First, Kelly's arguments based on out-of-circuit authorities are rejected because they are neither controlling nor persuasive.  The controlling authorities Kelly relies upon do not support her proposition that she may present evidence of other types of alleged discrimination by MORI at the Marriott Vacation Club Ko`Olina Beach Club ("Ko`Olina").  Kelly's only remaining claims at trial are her Title VII of the Civil Rights Act of 1964 ("Title VII") claims alleging that she was terminated and subjected to a hostile work environment because of her race, Caucasian.  At trial, Plaintiffs have been permitted to present witnesses who

testified that they also experienced discrimination at Ko`Olina because they were Caucasian.  These incidents testified about occurred during, or near to, the time when Plaintiffs were employed at Ko`Olina and involved the same persons who Plaintiffs assert took discriminatory actions against them.  This Court assumes Kelly wishes to present evidence of alleged discrimination other than racial discrimination against Caucasians, such as alleged discrimination based on sexual orientation or gender.

In <u>Heyne v. Caruso</u>, the Ninth Circuit held it was error for the district court to exclude evidence that the defendant harassed other female employees, which the plaintiff sought to present in support of her claim that she was terminated because she refused the defendant's sexual advances.  69 F.3d 1475, 1477, 1481 (9th Cir. 1995).  The district court had ruled that the proffered testimony was inadmissible because, while it would be relevant to a hostile work environment claim, it was more prejudicial than probative because the case involved a quid pro quo sexual harassment claim.  <u>Id.</u> at 1477.  The Ninth Circuit stated: "It is clear that an employer's conduct tending to demonstrate hostility towards **a certain group** is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of **that group**."  <u>Id.</u> at 1479 (emphases added) (citation omitted).  This was so because "[t]he sexual harassment of others, if shown to have occurred, is relevant and probative of [the defendant]'s general attitude of disrespect toward his female employees, and his sexual objectification of them.  That attitude is relevant to the question of [the defendant]'s motive for discharging [the plaintiff]."  <u>Id.</u> at 1480 (citation omitted).  Thus, the proffered testimony was relevant to the defendant employer's intent, even though the other incidents did not involve the same type of quid pro quo harassment that the plaintiff based her claim upon.  Both the plaintiff's claim and the proffered testimony involved harassment of the defendant's female employees.  <u>Heyne</u> does not stand for the proposition that **any** type of discrimination is relevant to the question of whether the defendant's decision to discharge the plaintiff was motivated by her sex and her rejection of his sexual advances.

In the instant case, even if discrimination against employees based on sexual orientation or gender occurred at Ko`Olina, that does not tend to prove Kelly was terminated based on her race or subjected to a racially hostile work environment.  The evidence may have some relevance to Kelly's theory that there was an environment at Ko`Olina condoning discrimination.  However, this minimal relevance is "substantially outweighed by a danger of" unfair prejudice to MORI and jury confusion.  <u>See</u> Fed. R. Evid. 403.  Further, the potential prejudice and jury confusion cannot be avoided through safeguards, such as limiting jury instructions, because of the significant differences between the other alleged discrimination and Kelly's claims in this case.  <u>Compare</u> <u>Heyne</u>, 69 F.3d at 1481 ("The district court may provide safeguards, such as a limiting jury instruction to

the effect that the sexual harassment testimony is to be considered only for the determination of the employer's motive."). Thus, to the extent Kelly's 12/7/18 Trial Brief seeks a ruling that she may present evidence of other types of discrimination at Ko`Olina besides racial discrimination against Caucasians, her request is DENIED.

It is a closer question whether evidence of racial discrimination at Ko`Olina against employees who were not Caucasian would be admissible. However, Kelly has not indicated that she intends to present a witness who would testify about race discrimination against non-Caucasians at Ko`Olina. If Kelly does intend to present such testimony, she must make an offer of proof to the Court, outside of the presence of the jury, before doing so. The offer of proof must address, *inter alia*, whether the proffered testimony concerns the relevant time period and whether the alleged incidents involved the same persons involved in the alleged discrimination against Kelly. After hearing argument from the parties, this Court will rule on whether Kelly will be permitted to present such testimony. This Court reminds Kelly that she is limited to the witnesses who either were identified in her answers to interrogatories regarding the identification of potential witnesses or were deposed during discovery. See EO: Rulings on Motions in Limine, filed 11/30/18 (dkt. no. 201), at 2-5.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager