CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorney for Plaintiff
Andrew Grant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100,<br><br>Defendant. | CIVIL NO. 16-00451 LEK-RLP<br><br>PLAINTIFF ANDREW GRANT'S FIRST TRIAL MEMORANDUM REGARDING A CAT'S PAW JURY INSTRUCTION; CERTIFICATE OF SERVICE<br><br>Trial:<br>Date: December 4, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. Leslie E. Kobayashi |

PLAINTIFF ANDREW GRANT'S FIRST TRIAL MEMORANDUM
REGARDING A CAT'S PAW JURY INSTRUCTION

The Court indicated at the December 12, 2018, status conference regarding proposed jury instructions, that the Court was not inclined to give a Cat's Paw jury instruction. The Court referenced agreement with Defendant's objection filed to the

proposed instruction.

Plaintiff Andrew Grant (Grant) has not changed his theory of the case by requesting a Cat's Paw instruction.

The Second Amended Complaint, Count I, is for Violation of Title VII of the Civil Rights Act of 1964, for racial discrimination. Count II is for Violation of Hawaii Revised Statutes Section 378-2, for racial discrimination.

These theories of liability have never changed, and giving a Cat's Paw instruction does not change the theory of liability.

As Defendant has already indicated in this case, a main defense is that the decision maker Greg Grigaitis is Caucasian, and therefore the decision to terminate can not be based upon or influenced by racial discrimination. This is what the Defendant will argue to the jury in closing argument.

The Second Amended Complaint specifically referenced activities of Xee Her, supervisor, in giving two of the written warnings. Paragraphs 204-212 describe the actions of Xee Her regarding the first written warning for attendance. Paragraphs 235-244 described Xee Her's actions regarding the second written warning regarding professional conduct related to the Philip Kozma incident. Xee Her gave Plaintiff Grant the first two written warnings. If any one of the three written warnings were not given, then Greg Gregaitis would not have terminated Plaintiff Andrew Grant.

Defendant will argue that the racially motivated actions of Xee Her are of no consequence to the termination because he was the supervisor, and not the decision maker.

This is a classic Cat's Paw scenario.

As the Second Amended Complaint states at Paragraphs 304 to 306:

304. Plaintiff Grant's termination was for discriminatory reasons.

305. The write-ups that Plaintiff Grant received was a pretext for discrimination.

306. Defendant Marriott did not have a legitimate valid basis for terminating Plaintiff Grant's employment.

This is the situation the United States Supreme Court addressed in *Straub v. Proctor Hosp*, 131 S.Ct. 1186 (2011), in adopting the law of the "Cat's Paw".

Plaintiff Grant should be entitled to a jury instruction so the jury will know about the law as set forth in *Straub v. Proctor Hosp.*, "supra", and therefore, Plaintiff Grant requests such a jury instruction.

DATED: Honolulu, Hawaii, December 12, 2018.

/s/ Charles H. Brower
CHARLES H. BROWER
Attorney for Plaintiff
Andrew Grant