IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER, | ) ) ) | CIVIL 16 00451 LEK RLP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1 100, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

JURY INSTRUCTIONS

The jury instructions in the numerical order as read to the jury are attached hereto.

DATED:  Honolulu, Hawaii, December 19, 2018.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

## JURY INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case — that is, in reaching your decision as to the facts — it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

2

A corporation is entitled to the same fair trial at

your hands as is a private individual.

JURY INSTRUCTION NO. 3

A corporation may act only through natural persons    its agents or employees.  In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or within the scope of the agent's or employee's duties to the corporation.

## JURY INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

## JURY INSTRUCTION NO. 5

Rules of evidence control what can be received into evidence.  During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

JURY INSTRUCTION NO. 6

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 8

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 9

A witness may be discredited or impeached by contradictory evidence, by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

JURY INSTRUCTION NO. 10

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

## JURY INSTRUCTION NO. 11

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1. The witness intentionally testified falsely in this trial about any important fact; or

2. The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance. That is for you to decide.

## JURY INSTRUCTION NO. 12

In a civil action such as this, each party asserting a claim has the burden of proving every essential element of that claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who called them, and all the exhibits received in evidence, regardless of who produced them.

14

If a preponderance of the evidence does not support each essential element of a claim, then you should find against the party having the burden of proof as to that claim.

## JURY INSTRUCTION NO. 13

There is more than one Plaintiff in this lawsuit.  You should decide the case of each Plaintiff separately from and independently of the other, as if you were trying different lawsuits.

All instructions given apply to the case of each Plaintiff unless otherwise stated.

## JURY INSTRUCTION NO. 14

Each plaintiff has brought a claim of employment discrimination against the defendant.  Each plaintiff claims that his or her race was a motivating factor for the defendant's decision to discharge him or her.  The defendant denies that any plaintiff's race was a motivating factor for the defendant's decision to discharge each plaintiff and further claims the decision to discharge each plaintiff was based on lawful reasons.

JURY INSTRUCTION NO. 15

As to each plaintiff's claim that his or her race was a motivating factor for the defendant's decision to discharge him or her, each plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the plaintiff was discharged by the defendant; and

2.  the plaintiff's race was a motivating factor in the defendant's decision to discharge the plaintiff.

If you find that a plaintiff has failed to prove either of these elements, your verdict should be for the defendant.  If a plaintiff has proved both of these elements, that plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if that plaintiff's race had played no role in the

employment decision, your verdict should be for the

defendant.

## JURY INSTRUCTION NO. 16

The parties have stipulated that, for purposes of a claim of employment discrimination, termination from employment is an "adverse employment action."

JURY INSTRUCTION NO. 17

Plaintiff Grant and Plaintiff Kelly seek damages against the defendant under federal law for a racially hostile work environment while employed by the defendant.  In order to establish a racially hostile work environment under federal law, each plaintiff must prove, with respect to him or herself, each of the following elements by a preponderance of the evidence:

1.  the plaintiff was subjected to slurs, insults, jokes or other verbal comments of a racial nature;

2.  the conduct was unwelcome;

3.  the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4.  the plaintiff perceived the working environment to be abusive or hostile; and

5.  a reasonable person of the same race as plaintiff would consider the working

environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the plaintiff's work performance.

JURY INSTRUCTION NO. 18

An employer may be liable under federal law when an employee's supervisor creates a racially hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

Plaintiff Grant and Plaintiff Kelly each claim that he or she was subjected to a racially hostile work environment by Xee Her, and that Xee Her was a supervisor empowered by defendant to take tangible employment actions against Plaintiff Grant and Plaintiff Kelly.

The defendant denies Plaintiff Grant's and Plaintiff Kelly's respective claims. Plaintiff Grant and Plaintiff Kelly must each prove, with respect to him or herself, the claim by a preponderance of the evidence.

23

In addition to denying Plaintiff Grant's and Plaintiff Kelly's respective claims, the defendant has asserted an affirmative defense.  Before you consider this affirmative defense, you must first decide whether Plaintiff Grant or Plaintiff Kelly has proved by a preponderance of the evidence that he or she suffered a tangible employment action as a result of harassment by Xee Her.

If you find that Plaintiff Grant or Plaintiff Kelly has proved that he or she suffered a tangible employment action as a result of harassment by Xee Her, you must not consider the affirmative defense with respect to the plaintiff who satisfied such proof.

If Plaintiff Grant or Plaintiff Kelly has not proved that he or she suffered a tangible employment action, then you must decide whether the defendant has proved by a preponderance of the evidence each of the following elements with respect to that plaintiff (or those plaintiffs):

> 1.   the defendant exercised reasonable care to prevent and promptly correct the racially

24

harassing behavior, and

2.  Plaintiff Grant and/or Plaintiff Kelly, as applicable, unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements with respect to Plaintiff Grant or Plaintiff Kelly, that plaintiff is not entitled to prevail on this claim.

## JURY INSTRUCTION NO. 19

The parties have stipulated that, for purposes of a claim of a hostile work environment created by a supervisor, termination from employment is a "tangible employment action."

<u>JURY INSTRUCTION NO. 20</u>

Plaintiff Grant and Plaintiff Kelly seek damages from the defendant for a hostile work environment caused by racial harassment by co workers. Each plaintiff has the burden of proving both of the following elements with respect to that plaintiff by a preponderance of the evidence:

1. the plaintiff was subjected to a racially hostile work environment by a co worker; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the

27

accused harasser, or to change the conditions of the plaintiff's employment.  A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.  You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate.  Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.  An effective remedy should be proportionate to the seriousness of the offense.

If you find that Plaintiff Grant and/or Plaintiff Kelly has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.  If, on the other

28

hand, a plaintiff has failed to prove either of these elements, your verdict should be for the defendant with respect to that plaintiff.

JURY INSTRUCTION NO. 21

To prevail on the claim of hostile environment racial harassment under Hawaii law, Plaintiff Grant must prove all of the following elements:

1.  He was subjected to discriminatory conduct on the basis of his race in the form of verbal, physical, or visual harassment of a racial nature; and

2.  The conduct was unwelcome; and

3.  The conduct was severe or pervasive; and

4.  The conduct had the purpose or effect of either:

    • Unreasonably interfering with Plaintiff Grant's work performance, or

    • Creating an intimidating, hostile, or offensive work environment; and

5.  Plaintiff Grant actually perceived the conduct as having such purpose or effect; and

6.   Plaintiff Grant's perception was objectively reasonable to a person of the same race as Plaintiff Grant.

JURY INSTRUCTION NO. 22

In deciding Plaintiff Grant's claim of hostile environment racial harassment under Hawaii law, you must consider the totality of the circumstances, such as the nature of the racial conduct and the context in which the alleged incident(s) occurred.

JURY INSTRUCTION NO. 23

To satisfy the third element of a hostile
environment racial harassment claim, defendant's
conduct must be either severe or pervasive.  The more
serious the harassing conduct, the less pervasive or
frequent it need be.  A single severe act may satisfy
this element, but trivial conduct does not.  Multiple
acts, each of which may not be severe when considered
individually, may constitute severe or pervasive
conduct when considered together.

## JURY INSTRUCTION NO. 24

To satisfy the sixth element of a hostile environment racial harassment claim, Plaintiff Grant's perception of defendant's conduct must be objectively reasonable.  In deciding this issue, you must consider whether a reasonable person of Plaintiff Grant's race would share Plaintiff Grant's perception as to the purpose or effect of the conduct in question.  If a reasonable person of Plaintiff Grant's race would consider such conduct sufficiently severe or pervasive as to alter the conditions of employment and either unreasonably interfere with work performance or create an intimidating, hostile, or offensive work environment, the sixth element is satisfied.

<u>JURY INSTRUCTION NO. 25</u>

To prevail on Plaintiff Reisinger's claim of a violation of the Hawaii Whistleblowers' Protection Act, Plaintiff Reisinger must prove all of the following elements:

1.  Plaintiff Reisinger was employed by defendant; and

2.  Plaintiff Reisinger reported to defendant a violation or suspected violation of a law of the federal or state government; and

3.  Defendant discharged Plaintiff Reisinger; and

4.  Plaintiff Reisinger's reporting as noted above was a substantial or motivating factor in defendant's decision to discharge her.

JURY INSTRUCTION NO. 26

Defendant asserts the affirmative defense that Plaintiff Reisinger's termination would have occurred regardless of Plaintiff Reisinger's reporting.  If defendant proves this affirmative defense, then you must find in favor of defendant on Plaintiff Reisinger's whistleblower claim.

## JURY INSTRUCTION NO. 27

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a plaintiff on any of his or her claims, you must determine that plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate that plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## JURY INSTRUCTION NO. 28

General damages encompass all of the damages which naturally and necessarily result from a legal wrong done, and include such items as pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms.

## JURY INSTRUCTION NO. 29

The law that applies to this case authorizes an award of nominal damages.  If you find for a plaintiff but you find that that plaintiff has failed to provide damages as defined in these instructions, you must award nominal damages to that plaintiff.  Nominal damages may not exceed one dollar.

JURY INSTRUCTION NO. 30

Compensation must be reasonable.  You may award only such damages as will fairly and reasonably compensate a plaintiff for the injuries or damages legally caused to that plaintiff by defendant's wrongful conduct.

You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

## JURY INSTRUCTION NO. 31

Of course, the fact that I have given you
instructions concerning the issue of the Plaintiffs'
damages should not be interpreted in any way as an
indication that I believe that any Plaintiff should, or
should not, prevail in this case.

JURY INSTRUCTION NO. 32

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes, or those of other jurors.

JURY INSTRUCTION NO. 33

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all of you present.

JURY INSTRUCTION NO. 34

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges   judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

44

JURY INSTRUCTION NO. 35

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  Verdict forms have been prepared for your convenience.

(Explain Verdict Forms)

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill them in, date and sign them, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, and have the foreperson sign the note.  The foreperson will then contact the Courtroom Manager via the telephone located in the hallway outside the jury room.  The Courtroom Manager will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can

45

address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.