ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW GRANT; SANDRA DENISE KELLY; and ROBIN REISINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS, INC.; and DOE DEFENDANTS 1-100,<br><br>Defendants. | CIVIL 16-00451 LEK-RLP |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 20 2018

at /0 o'clock and 25 min ___M.
SUE BEITIA, CLERK

**SPECIAL JURY VERDICT FORM
AS TO PLAINTIFF ANDREW GRANT**

You must answer all of the questions, unless otherwise directed in the instructions. You should read the entire Special Jury Verdict Form before proceeding to answer.

Answer the questions in numerical order. Follow all directions carefully. Each answer requires the unanimous agreement of all members of the jury. If you do not understand any question or wish to communicate with the court, you must do so only in writing through the bailiff.

1. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that his race was a motivating factor in the decision to terminate his employment?

    Yes _____     No ✓

If you answered "Yes" to Question No. 1, then proceed to answer Question No. 2. If you answered "No" to Question No. 1, then proceed to answer Question No. 4 and do not answer Question Nos. 2 and 3.

2. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that his termination from employment caused him damages?

   Yes _____    No _____

If you answered "Yes" to Question No. 2, then proceed to answer Question No. 3. If you answered "No" to Question No. 2, then proceed to answer Question No. 4 and do not answer Question No. 3.

3. Please state the amount of damages caused by Defendant Marriott Ownership Resorts, Inc.'s termination of Plaintiff Andrew Grant:

   General Damages            $ _____

4. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that he was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature?

   Yes _____    No ___✓___

If you answered "Yes" to Question No. 4, then proceed to answer Question No. 5. If you answered "No" to Question No. 4, then proceed to the instructions at the end and do not answer any remaining questions.

5. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that the conduct of a racial nature was unwelcome?

   Yes _____    No _____

If you answered "Yes" to Question No. 5, then proceed to answer Question No. 6. If you answered "No" to Question No. 5, then proceed to the instructions at the end and do not answer any remaining questions.

6. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that the conduct of a racial nature was sufficiently severe or pervasive to alter his employment?

   Yes _____   No _____

   If you answered "Yes" to Question No. 6, then proceed to answer Question No. 7. If you answered "No" to Question No. 6, then proceed to the instructions at the end and do not answer any remaining questions.

7. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that a reasonable person in his circumstances would consider the working environment at Marriot Ownership Resorts, Inc. to be a racially hostile work environment?

   Yes _____   No _____

   If you answered "Yes" to Question No. 7, then proceed to answer Question No. 8. If you answered "No" to Question No. 7, then proceed to the instructions at the end and do not answer any remaining questions.

8. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that the racially hostile work environment was as a result of co-workers who were not supervisors?

   Yes _____   No _____

   If you answered "Yes" to Question No. 8, then proceed to answer Question No. 9. If you answered "No" to Question No. 8, then proceed to answer Question No. 10 and do not answer Question No. 9.

9. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that Defendant Marriott Ownership Resorts, Inc. knew or should have known of racially hostile behavior by a co-worker or co-workers who were not supervisors and failed to take prompt, effective remedial action reasonably calculated to end this behavior?

   Yes _____   No _____

Please proceed to answer Question No. 10.

10. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that the racially hostile work environment was a result of a supervisor?

    Yes _____ No _____

If you answered "Yes" to Question No. 10, then proceed to answer Question No. 11. If you answered "No" to Question No. 10 and "Yes" to Question No. 9, then proceed to answer Question No. 13. If you answered "No" to Question Nos. 9 and 10, then proceed to the instructions at the end and do not answer any remaining questions.

11. Has Plaintiff Andrew Grant shown by a preponderance of the evidence that he suffered a tangible employment action as a result of the racially hostile work environment?

    Yes _____ No _____

If you answered "Yes" to Question No. 11, then proceed to answer Question No. 12. If you answered "No" to Question No. 11, then proceed to the instructions at the end and do not answer any remaining questions.

12. Has Defendant Marriott Ownership Resorts, Inc. shown by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the racially hostile work environment, and shown by a preponderance of the evidence that Plaintiff Andrew Grant unreasonably failed to take advantage of any preventative or corrective opportunities provided by his employer or that he unreasonably failed to avoid harm?

    Yes _____ No _____

If you answered "No" to Question No. 12, then proceed to answer Question No. 13.

If you answered "Yes" to Question No. 12, then proceed to the instructions at the end and do not answer any remaining questions.

13. Please state the amount of Plaintiff Andrew Grant's damages which were caused by the racially hostile work environment?

   General Damages            $ _____

   Please stop, sign and date this form, and contact the Bailiff.

   DATED at Honolulu, Hawai'i, _December 20, 2018_ .


                              Signed: _/S/ Foreperson_

DATED at Honolulu, Hawai'i, December 20, 2018.

Signed: _____
Foreperson